IN THE UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF MICHIGAN

THERMOCOLOR, L.L.C.
d/b/a RHETECH COLORS,
a Michigan Limited Liability
Company,

       Plaintiff,

v.

OTTO INDUSTRIES, INC.,
a Delaware Corporation,

       Defendant.

Case No. 04-72417
Hon. Nancy G. Edmunds
Magistrate Judge Pepe

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND BRIEF IN SUPPORT OF MOTION**

Plaintiff Thermocolor, LLC, ("Thermocolor") states the following in support of its motion to compel production of documents:

1. Plaintiff Thermocolor filed this action on or about June 30, 2004 seeking payment for materials sold to defendant Otto Industries ("Otto").

2. On or about September 3, 2004, Otto filed a counterclaim against Thermocolor, alleging that the materials supplied by Thermocolor were somehow defective.

3. On or about March 2, 2005, this Court granted Thermocolor's motion for partial summary judgment, finding that Otto was liable for cost of the overwhelming majority of the materials that it purchased from Thermocolor.

563744

4.  Thermocolor served upon Otto interrogatories and requests for production of documents regarding Otto's remaining counterclaim on June 8, 2005.  Exhibit A, Proof of Service.

5.  Defendant Otto's answers to Thermocolor's discovery requests were originally due on or before July 8, 2005.  See Fed. R. Civ. P. 33(b)(3) and 34(b).

6.  Thermocolor had previously agreed to allow Otto until July 25, 2005 to provide answers to the outstanding interrogatories and requests for production of documents.

7.  Otto provided signed answers to the interrogatories on or about August 12, 2005, but to date Otto has failed to produce any of the requested documents.  Exhibit B, Otto's Responses.

8.  Otto has objected to the production of the requested documents in the absence of a protective order from this court that would preserve the confidentiality of certain information contained in the documents.  Exhibit B, Otto's Responses, p. 2.

9.  Counsel for Thermocolor provided counsel for Otto with a proposed draft of a stipulated protective order on or about April 26, 2005, at a time when counsel for Otto was present at the offices of Thermocolor's counsel to review documents produced by Thermocolor.  Exhibit C, Proposed Stipulated Protective Order.

10. Counsel for Otto agreed to review the proposed stipulated protective order and supply any recommended changes or corrections.

11. On or about August 23, 2005, at the request of Otto's counsel, Thermocolor's counsel again forwarded a copy of the proposed stipulated protective order to Otto's counsel for review and consideration.  Exhibit D, Email to Defendant's Counsel.

12. On Monday, September 20, 2005, counsel for Thermocolor contacted counsel for Otto via email to request that Otto execute the proposed stipulated protective order and produce the requested documents, otherwise Thermocolor would file a motion to compel production of the requested documents. Exhibit E, Certification of Plaintiff's Counsel.

13. On Wednesday, September 21, 2005, counsel for Thermocolor left a voice mail message for Otto's counsel, again requesting cooperation in executing the proposed stipulated protective order to facilitate production of Otto's documents. Exhibit E, Certification of Plaintiff's Counsel. Plaintiff's counsel received a call from defense counsel's assistant advising him that defense counsel would be unavailable to respond until the end of the week. Given the impending discovery cut-off and previous delays, plaintiff's counsel advised that he would need to proceed with this motion.

14. To date, Otto has neither signed the proposed stipulated protective order nor provided notice of any suggested changes or corrections to the proposed order.

15. To date, Otto has failed to produce the requested documents.

16. To date, Otto has not filed a motion for a protective order with this court.

17. Discovery in this matter closes November 1, 2005.

18. Thermocolor requires the requested documents to prepare for the depositions of Otto's employees and defend against Otto's counterclaim.

19. Thermocolor does not object to the entry of a protective order in this case that would allow the parties to keep confidential certain trade secrets and other proprietary information. However, no such order has been entered, and Otto has not moved for a protective order that would relieve Otto of its obligation to produce the requested documents for inspection.

Therefore, for these reasons and for the reasons set forth in the brief accompanying this motion, plaintiff requests that this court enter an order in its favor and against defendant compelling defendant to produce the requested documents within one week of entry of the order. Further, plaintiff requests that this court order defendant to pay fees and costs incurred in bringing this motion, pursuant to Fed. R. Civ. Pro. 37(a)(4). A proposed order is attached to this motion as Exhibit F.

                                      Respectfully submitted,

                                      MADDIN, HAUSER, WARTELL,
                                      ROTH & HELLER, P.C.

                                      By:   */s/ Brian A. Nettleingham*
                                              David E. Hart (P45084)
                                              Brian A. Nettleingham (P58966)
                                      Attorneys for Plaintiff
                                      28400 Northwestern Hwy., 3rd Floor
                                      Southfield, Michigan  48034
                                      (248) 354-4030 or (248) 355-5200
                                      Email:  ban@maddinhauser.com

DATED:  September 22, 2005

# PLAINTIFF'S BRIEF
# IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## Introduction

Plaintiff Thermocolor LLC ("Thermocolor") was forced to file this motion because defendant Otto Industries ("Otto") has failed to produce documents requested in the course of discovery. Otto objected to production of the documents based on the absence of a "confidentiality order," but Otto has refused to (1) sign a stipulated order supplied by Thermocolor's counsel in April 2005, (2) offer an alternative stipulated order, or (3) file a motion for a protective order.

## Background

Since June 2003, Thermocolor manufactured and delivered more than $1,060,000 worth of colorant to Otto for which Otto failed to pay. When Thermocolor insisted that Otto reduce the outstanding amount owed to $1 million or less, Otto suddenly claimed that the colorant was defective, *even though it had no evidence of any product defects.* Thermocolor was forced to file this action to recover payment for the colorant.

This court granted Thermocolor's motion for partial summary judgment, finding that Otto is liable for the material that it purchased from Thermocolor and which Otto used to manufacture its containers. Thermocolor then served Otto with a set of interrogatories and document requests regarding Otto's counterclaim. Otto's answers were originally due on before July 8, 2005.

Otto produced written answers on or about August 12, 2005, but to date has failed to provide the requested documents for inspection.[1] Otto's counsel has objected to production of

---

[1] Exhibit B, Otto's Written Responses.

563744                                                    1

the documents absent a confidentiality order.[2]  However, counsel for Thermocolor proposed a stipulated confidentiality order in April 2005.[3]  A second copy of that order was delivered to Otto's counsel, via email, on August 23, 2005.[4]  To date, Otto has not signed the proposed order, nor has it offered an alternative order.

Now Otto seeks to use the absence of a confidentiality order to excuse its continued delay in producing the requested documents for inspection.  Thermocolor requires these documents to prepare its defense and to prepare for depositions of Otto employees.  Discovery ends November 1, 2005, leaving little time to receive the documents and review them in preparation for the anticipated depositions.

**Law & Argument**

Thermocolor originally served its discovery requests on Otto on June 8, 2005.  Under Fed. R. Civ. P. 34, Otto's responses were due July 8, 2005.  Otto served written responses on or about August 12, 2005, but has generally objected to the production of most documents on the basis that the information contained within them is confidential.[5]  Otto has also objected on the non-specific basis that the request is "overly broad and unduly burdensome."[6]

Based on discussions with Otto's counsel, Thermocolor has been led to believe that production of the requested documents is contingent upon entry of an order with this court allowing some or all of the documents to be treated as confidential.  Although Thermocolor has

---

[2] Exhibit B, Otto's Responses. p. 2.

[3] Exhibit C, Proposed Protective Order.

[4] Exhibit D, Email to Plaintiff's Counsel.

[5] Exhibit B, Otto's Responses, p 2.

[6] Exhibit B, Otto's Responses, pp 11 to 13.

supplied a proposed stipulated protective order, Otto has not approved it or offered an alternative. In the meantime, Otto has not produced the requested documents.

Under Fed. R. Civ. P. 37(a)(2)(B), Thermocolor is entitled to an order compelling Otto to produce the requested documents for inspection. Further, under Fed. R. Civ. P. 37(a)(4)(A), Thermocolor is entitled to reasonable costs and expenses incurred in having to bring this motion.

Otto should not be permitted to argue that its delay is excused by the need for entry of an order protecting confidential information. Thermocolor readily agreed to enter a stipulated protective order as far back as April 2005, and Thermocolor does not object to entry of such an order now. However, Otto has simply failed to cooperate in having that order entered.

### Relief Requested

Therefore, Thermocolor requests that this court enter an order requiring Otto to produce the requested documents for inspection within seven days of entry of the order. Thermocolor also requests that this court award Thermocolor its costs and fees incurred in bringing this motion, together with all other relief that this court deems just and proper.

>Respectfully submitted,
>
>MADDIN, HAUSER, WARTELL,
>ROTH & HELLER, P.C.
>
>By:   */s/ Brian A. Nettleingham*
>        David E. Hart (P45084)
>        Brian A. Nettleingham (P58966)
>Attorneys for Plaintiff
>28400 Northwestern Hwy., 3rd Floor
>Southfield, Michigan  48034
>(248) 354-4030 or (248) 355-5200
>Email:  ban@maddinhauser.com

DATED:  September 22, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2005, I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Ronald L. Cornell, Jr.

                MADDIN, HAUSER, WARTELL,
                ROTH & HELLER, P.C.

                By:  */s/ Brian A. Nettleingham*
                      David E. Hart (P45084)
                      Brian A. Nettleingham (P58966)
                Attorneys for Plaintiff
                28400 Northwestern Hwy., 3rd Floor
                Southfield, Michigan  48034
                (248) 354-4030 or (248) 355-5200
DATED:  September 22, 2005      E-mail:  ban@maddinhauser.com